UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELANIE V.,

                Plaintiff,

      v.                                                **DECISION AND ORDER**

                                                                   23-CV-973S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

        1.        Plaintiff Melanie V.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act.  (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

        2.        Plaintiff protectively filed her applications with the Social Security Administration on May 23, 2020.  Plaintiff's alleged disability beginning on June 24, 2017, due to degenerative disc disease of lumbar and cervical spine, obesity, headaches disorder, Raynaud's syndrome, fibromyalgia, and major depressive disorder.  (R.[2] at 18.)  Her applications were denied and she thereafter requested a hearing before an administrative law judge ("ALJ").

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

[2] Citations to the underlying administrative record are designated as "R."

3. On February 15, 2022, ALJ Bryce Baird held a hearing at which Plaintiff was represented by counsel and Vocational Expert Amy Leopold appeared and testified. (R. at 16, 37-86.) At the time of the hearing, Plaintiff was a 46-year-old woman with a high school education who worked as a teacher's aide. (R. at 20-21.)

4. The ALJ considered the case *de novo* and, on July 29, 2022, issued a written decision denying Plaintiff's applications for benefits. After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action challenging the Commissioner's final decision.[3] (Docket No. 1.)

5. Plaintiff moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 7.) Defendant moved for an Order reversing and remanding this matter to the Commissioner for further proceedings, arguing that the case be remanded for the ALJ's evaluation of the medical opinions in the record. (Docket No. 8.) Plaintiff filed her Reply on January 30, 2024, arguing for remand only for calculation of benefits. (Docket No. 9.) At which time this Court took the Motions under advisement without oral argument. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings will be granted and Defendant's Motion to Remand will be granted in part, denied in part. This matter will be remanded for calculation of benefits.

6. This Court has the power to affirm, modify, or reverse the decision of the Commissioner with or without remand for rehearing. 42 U.S.C. § 405(g). A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will

---

[3] The ALJ's July 29, 2022, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

2

be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 26 L. Ed. 2d 842 (1971).

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing

3

whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

      9.      The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work.  Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

      10.     Although the claimant has the burden of proof at the first four steps, this burden shifts to the Commissioner at the fifth and final step.  See Yuckert, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether a significant number of jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C.

4

§ 423(d)(2)(A); 20 C.F.R. §§ 404.1520(f), 416.920(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983).  The Social Security regulations provide that "[a]ny other work (jobs) that [the claimant] can adjust to must exist in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(1), 414.960(c)(1).  This Court has determined that 9,000 jobs is the threshold for establishing the significant number of jobs in the national economy to preclude disability.  Lance P. v. Comm'r, No. 21-cv-06123-FPG, 2023 WL 2573321, at *5 (W.D.N.Y. Mar. 20, 2023).

11. At Step Five, the ALJ may only rely upon a Vocational Expert's finding "when it rests on a sufficient foundation," such as the Expert's "personal experience, labor market surveys, and published statistical services."  Pamela H. v. Kijahazi, No. 5:20-CV-00304 (NAM), 2021 WL 4307457, at *6 (N.D.N.Y. Sept. 22, 2021) (citation omitted).

12. The failure of the Commissioner to sustain his burden at Step Five, such as reliance on the Vocational Expert who opined without a sufficient foundation, warrants remand for calculation of benefits.  Carroll v. Sec'y of Health and Human Servs., 705 F.2d 638, 644 (2d Cir. 1983); Daryl A., Jr., OBO Daryl A., Sr. v. Commissioner, No. 12-CV-496-DB, 2023 WL 8623440, at *4, 5 (W.D.N.Y. Dec. 13, 2023).

13. A remand to calculate benefits is performed in rare cases where record provides persuasive proof of disability and remand for further proceedings serves no purpose.  Estrella v. Berryhill, 925 F.3d 90, 98 n.3 (2d Cir. 2019).  To remand for calculation of benefits, the record must have persuasive evidence of total disability that would render "any further proceedings pointless."  Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 1999); Bogart v. Colvin, No. 13-cv-6592 CJS, 2014 WL 6065772, at *8 (W.D.N.Y. Nov. 13, 2014) (remand to calculate benefits where "the record could lead only to a finding

that the claimant is disabled.") (citing cases); <u>Martinez v. Comm'r</u>, 262 F. Supp. 2d 40, 49 (W.D.N.Y. 2003).

14.     The Commissioner may move for remand for further proceedings but must show good cause for the failure to produce this evidence sooner.  <u>Carroll</u>, 705 F.2d at 644; 42 U.S.C. § 405(g).  A remand for rehearing or conducting further proceedings, however, "potentially followed by another appeal, could well delay the payment of benefits" for years.  <u>Carroll</u>, 705 F.2d at 644.

15.     The ALJ here analyzed Plaintiff's claims for benefits under the five-step process set forth above.  At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the onset date of June 24, 2017.  (R. at 16, 26.)  At Step Two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of lumbar and cervical spine, obesity, headaches disorder, Raynaud's syndrome, fibromyalgia, and major depressive disorder.  (R. at 18.)  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 19-20.)

16.     Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with stated limitations.  The ALJ observed that Plaintiff could frequently lift and/or carry five pounds; occasionally balance, stoop, kneel, crouch, and climb ramps and stairs; but never crawl, climb ladders, ropes, or scaffold, or operate foot controls.  The ALJ also found that Plaintiff could frequently handle, finger, and feel with her hands; occasionally reach overhead and frequently reach in all other directions with her arms.  The ALJ further noted that Plaintiff could only tolerate moderate noise but

could never be exposed to extreme cold, excessive vibrations, dangerous workplace hazards, and could not tolerate direct exposure to bright or flashing lights.  Lastly, the ALJ found that Plaintiff would be limited to performing simple routine tasks, while not performing work at a production rate pace or tolerating little variation in her work location, hours, or tasks.  (R. at 20-21.)

17.     At Step Four, the ALJ found Plaintiff was unable to perform her past relevant work as a teacher's aide.  (R. at 26-27.)  At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  (R. at 27-28.)  The ALJ posed hypotheticals to the Vocational Expert whether such jobs existed in the national economy that a claimant of Plaintiff's age, education, work experience, and RFC could perform.  The Vocational Expert opined that such a hypothetical claimant could perform such representative unskilled sedentary jobs as a document preparer (or defined in the Dictionary of Occupational Titles ("DOT") as "document preparer, microfilming," DOT Code 249.587-018,[4] with 19,000 jobs nationally), food and beverage order clerk (3,000 jobs), and table worker (3,200 jobs).  (R. at 27; see R. at 81.)  Accordingly, the ALJ found that Plaintiff was not disabled.  (R. at 28.)

18.     Plaintiff now raises five arguments for remanding the Commissioner's decision.  The first four arguments address the determination of Plaintiff's disability.  First, she claims that the Commissioner failed to meet the Step Five burden of proof because the jobs identified by the Vocational Expert either are obsolete or do not exist in significant numbers in the national economy.  Second, Plaintiff contends that the ALJ's Step Five finding is unsupported by substantial evidence because the Vocational Expert's testimony

---

[4] See Pamela H., 2021 WL 4307457, at *6; Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 221-22 (E.D.N.Y. 2021).

created an unresolved conflict with the DOT.  Third, Plaintiff argues that the ALJ failed to consider the consistency of opinions for her ability to sit and stand.  Fourth, Plaintiff argues that the ALJ failed to incorporate the consultative examiner's opinion regarding her limitations in walking, bending, lifting, and other physical exertions.

19.	Plaintiff's final argument is that this case should be remanded only for calculation of benefits, contending that the ALJ failed to sustain his burden at Step Five and show that Plaintiff could perform sedentary work or identify jobs that exist in sufficient numbers in the national economy that she could perform.

20.	In his Motion to Remand, Defendant concedes that the ALJ erred in considering medical opinions.  Both parties thus agree that this case should be remanded to the Commissioner, however, the issue is whether this remand is for further proceedings and a rehearing or solely for calculation of benefits.

21.	For the reasons that follow, this Court agrees with Plaintiff and remands this case for calculation of her benefits.  Plaintiff has established her disability because at Step Four of the sequential analysis the ALJ found that she could not perform her past work as a teacher's aide.  (R. at 26-27.)

22.	Plaintiff's arguments for remand for calculation of benefits as well as her first and second arguments relate to deficiencies at Step Five of the analysis where the Commissioner failed to establish the existence of jobs that Plaintiff could perform.  Specifically, Plaintiff argued that the occupation of microfilming document preparer identified by the Vocational Expert as a possible job should be deemed obsolete.  E.g., Pamela H., 2021 WL 4307457, at *6.  She next claimed that the other two jobs identified by the Vocational Expert of food and beverage order clerk and table worker total only

6,200 jobs, not meeting this Court's threshold for a significant number of jobs in the national economy. (R. at 27.) Given these defects, Plaintiff argued that the ALJ lacked substantial evidence to conclude that jobs exist in the national economy that she could perform.

23. This Court agrees and finds that the job of microfilm document preparer identified by the Vocational Expert is obsolete. The DOT defines a document preparer as someone preparing documents for microfilm. DOT Code 249.587-018.

24. The Vocational Expert here concluded that document preparer remains a viable occupation with "a little over" 19,000 jobs nationally without acknowledging any changes in technology relative to that occupation. (R. at 81.) There is no explanation adjusting this number due to obsolescence in this occupation.

25. Indeed, as other courts in this Circuit have recently decided, this definition is "comically out of date" for the "lost art" of microfilming. Pamela H., 2021 WL 4307457, at *6 & n.5. Furthermore, it "strains credibility to suggest that there are 'substantial' number of positions available in a moribund industry" like microfilm document preparation. Zacharopoulos, 516 F. Supp. 3d at 222. This Court may speculate that there may remain under document preparation more contemporary jobs than microfilming (possibly such as scanning or digitizing documents), but the Vocational Expert here has not explained whether this occupation includes more contemporary tasks or confirmed the number of available modern-day jobs in the national economy. See Pamela H., 2021 WL 4307457, at *7 (court declines to speculate that there may be modern version of microfilm document preparation jobs).

26.    Recently, the Social Security Administration recognized the obsolescence of the job of microfilm document preparer by issuing an Emergency Message, pursuant to which effective June 22, 2024, adjudicators "may not cite any of the DOT occupations. . . to support a framework 'not disabled' determination or decision without additional evidence from a [Vocational Expert] supporting the adjudicator's conclusion that, as the occupation is currently performed" that it exists in the national economy in significant numbers.  This list included the occupation of document preparer, microfilming.  Soc. Sec. Admin., EM-24027 (June 22, 2024), https://secure.ssa.gov/apps10/reference.nsf/links/06212024022159PM (last visited June 28, 2024).  Alternatively, the adjudicator now may support their determination with "other occupation(s) appropriate to the facts of the claim."  Id.

27.    As for the remaining identified jobs, this Court finds that there were not enough positions nationally to conclude that Plaintiff could work.  The Vocational Expert identified a total of slightly more than 6,200 jobs as an office clerk or a table worker that exist in the national economy.  (R. at 27, 81.)  This total falls below the recognized threshold of 9,000 jobs to be a significant number to establish the existence of a disability, and these jobs considered separately each fall well below this threshold.  See Lance H., 2023 WL 2573321, at *5.

28.    This Court finds that the Vocational Expert rendered conclusory testimony as to obsolescence of document preparer and the number of order clerk and table worker positions in the national economy.  Absent the three jobs identified by the Vocational Expert, her opinion lacked a sufficient foundation.  By adopting the Vocational Expert's opinion, the ALJ lacked proof of other work that Plaintiff could perform given her RFC.

The Commissioner's burden thus was not met. This Court finds that the ALJ's reliance upon the Vocational Expert's opinion is in error.

29. This case is one of the rare instances where remand solely to calculate benefits suffices. See Rivera v. Sullivan, 923 F.2d 964, 970 (2d Cir. 1991) (evidence that claimant was unable to perform prior work and the absence of evidence that she could perform other jobs, reversal and immediate award of damages is appropriate). Otherwise, a remand for further proceedings would delay payment of benefits to Plaintiff. See Carroll, 705 F.2d at 644.

30. Defendant's present Motion to Remand, however, has not sought leave for the Vocational Expert to consider other jobs Plaintiff could perform. Instead, Defendant merely suggested that the Vocational Expert on remand might be questioned about additional applicable jobs. (Docket. No. 8, Def. Memo. at 5.) Rather than endure further delay for this potential line of inquiry of other jobs Plaintiff could perform, the immediate remand for calculation of benefits is in order. Otherwise, a remand for further proceedings would serve no purpose. Irvine v. Sullivan, No. CV-91-500 (RJD), 1992 WL 245581, at *6 (E.D.N.Y. Aug. 11, 1992); see Carroll, 705 F.2d at 644; Bogart, 2014 WL 6065772, at *9.

31. As a result, this Court need not address Plaintiff's other arguments on her sit/stand limitations or the other work she could perform despite her overhead reach limitations. See Daryl A., 2023 WL 8623440, at *5; Bell v. Colvin, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016).

32. Accordingly, having reviewed the ALJ's decision and considering the parties' arguments, Plaintiff's Motion for Judgment on the Pleadings is granted and

Defendant's Motion for an Order Reversing and Remanding this Matter is granted in part in that this matter is remanded, but denied in part where this remand is not for rehearing or further proceedings.  On remand, the Commissioner shall calculate Plaintiff's benefits.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that Defendant's Motion for an Order Reversing and Remanding the Commissioner's Decision for Further Administrative Proceedings (Docket No. 8) is GRANTED IN PART, DENIED IN PART.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for calculation of benefits consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:      July 9, 2024
            Buffalo, New York

                                                s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                             United States District Judge